# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH A. GILMER and SHEILA M. GILMER, his wife, | : CIVIL ACTION |
| Plaintiffs, | : NO. |
| vs. | : JURY TRIAL DEMANDED |
| WESTFIELD INSURANCE COMPANY, | : |
| Defendant. | : |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Westfield Insurance Company, by its counsel, Fowler, Hirtzel, McNulty & Spaulding, LLP, removes this action, which was pending in the Court of Common Pleas of Berks County, No. 2022-03002, under 28 U.S.C. § 1332, and 28 U.S.C. § 1441 *et seq.*

1. This case is a claim for underinsured motorist ("UIM") benefits, bad faith insurance practices, and loss of consortium under Pennsylvania law. A copy of the trial court's docket is **Exhibit "A"**, and a copy of the Plaintiffs' Complaint, the operative pleading, is attached as **Exhibit "B"**.

I. **PARTIES**

2. Plaintiffs, Keith and Sheila Gilmer, and Westfield are of completely diverse citizenship.

3. According to their Complaint Plaintiffs are adult individuals who reside in at 109A Club Road, Bethel, Berks County, Pennsylvania. *See* Ex. B., ¶¶ 2-3.

4. Westfield is an Ohio corporation with its principal place of business in Westfield Center, Ohio.

## II. BACKGROUND

5. In their Complaint, Plaintiffs seek unliquidated damages, including compensatory damages and punitive damages.

6. Plaintiffs' claims arise under Pennsylvania common law and Pennsylvania's bad faith insurance statute, 42 Pa.C.S. § 8371.

## III. LEGAL BASIS FOR REMOVAL

7. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.

8. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

**A. The case is removable because Plaintiffs and Defendant are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.**

9. Plaintiffs plead claims under Pennsylvania law.

10. This Court has jurisdiction, because (1) complete diversity exists, and (2) the amount in controversy exceeds $75,000.00 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

### 1) Complete diversity exists.

11. Plaintiffs are Pennsylvania citizens.

12. Westfield is an Ohio citizen, the state of its incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1).

### 2) The amount in controversy exclusive of interest and costs exceeds $75,000.

13. In addition to complete diversity, diversity jurisdiction requires that the amount in controversy exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

14. When case is removed based on diversity jurisdiction,

> the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]

28 U.S.C. § 1446(c)(2)(A)(ii).

15. "[R]emoval of the action is proper on the basis of an amount in controversy asserted under [28 U.S.C. § 1446(c)(2)(A)(ii)] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000.00, exclusive of interest and costs (for purposes of this case). 28 U.S.C. § 1446(c)(2)(B).

16. Pennsylvania procedural law prohibits a party from demanding a specific amount of unliquidated damages in a pleading. *See* Pa.R.Civ.P. 1021(b).

17. Westfield thus may assert the amount in controversy in this Notice of Removal. *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

18. "The amount in controversy is not measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d. 661, 666 (3d. Cir. 2002).

19. Plaintiffs aver that the amount in controversy exceeds $50,000.00. *See* Ex. B., ¶ 1.

20. Plaintiffs moreover seek UIM benefits under their Westfield policy, which they claims has a policy limits of $1.25 million/$2.5 million. *See* Ex. B., ¶ 6.

21. According to the Complaint, Plaintiff, Keith Gilmer was injured in a motor vehicle accident on May 30, 2019. *See* Ex. B., ¶¶ 6-11.

22. Keith Gilmer claims that his injuries include an acute, full-thickness tear of his right shoulder supraspinatus tendon, aggravation of a preexisting lower-back injury, and a partial fracture of his right foot. *See* Ex. B., ¶ 12.

23. Plaintiffs plead that the tortfeasor who caused the accident had $15,000 in insurance with Progressive, that Keith Gilmer settled for that policy limit, and that amount was insufficient to compensate Keith Gilmer for his injuries. *See* Ex. B., ¶¶ 17-18, 22.

24. Plaintiffs plead that he demanded that Westfield settle the UIM claim for $400,000. *See* Ex. B., ¶ 29.

25. In Count II of the Complaint, Keith Gilmer claims that Westfield acted in bad faith in failing to fairly evaluate his UIM claim and in not attempting to settle it. *See* Ex. B., ¶ 47.

26. As a result, Keith Gilmer seeks compensatory damages, punitive damages, interest, and attorneys' fees. *See* Ex. B., ¶ 50.

27. Plaintiff, Sheila Gilmer, claims that she suffered loss of consortium because of her husband's injuries. *See* Ex. B., ¶¶ 53-54.

28. Based on the allegations of the Complaint, the amount in controversy more likely than not exceeds $75,000.00, exclusive of costs and interest.

29. Because the amount in controversy exceeds $75,000.00 and complete diversity exists, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a); and removal is therefore proper.

### B. Removal to this Court is proper.

30. A case must be removed to the district court and division thereof which embrace the place where the state-court action is pending. 28 U.S.C. § 1441(a).

31. Berks County is within the Eastern District of Pennsylvania. 28 U.S.C. § 118(a).

32. This Court is the proper District to removal of this action.

### C. The procedural requirements for removal are met.

33. A notice of removal must be filed within 30 days after receipt of the "initial pleading setting for the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b); *see Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 221-23 (3d Cir. 2005).

34. Westfield, through counsel, accepted service of the Complaint on April 4, 2022. A copy of the Certificate of Service is **Exhibit "C"**.

35. Accordingly, this Notice of Removal is timely, because it is filed less than 30 days after Westfield accepted service. *See* 28 U.S.C. § 1446(b)(3).

## IV. JURY TRIAL DEMAND

36. Under Fed.R.Civ.P. 38(b)(1), Westfield demands trial by jury on all issues so triable.

**WHEREFORE**, Defendant, Westfield Insurance Company, respectfully gives notice that the action now pending against them in the Court of Common Pleas of Berks County, Pennsylvania is removed to this Court.

Respectfully submitted,

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**

By: **/S/ Joseph F. McNulty, Jr.**

Dated: April 25, 2022

JOSEPH F. MCNULTY, JR., ESQUIRE
PA ID #: 55661
MATTHEW D. VODZAK, ESQUIRE
PA ID #:309713
Fowler, Hirtzel, McNulty & Spaulding, LLP
4949 Liberty Lane, Suite 330
Allentown, PA 18106
P: 484-550-7992
E: jmcnulty@fhmslaw.com
E: mvodzak@fhmslaw.com
Attorneys for Defendant, Westfield Insurance Company

## **CERTIFICATE OF SERVICE**

I, Joseph F. McNulty, Jr., Esquire, attorney for Defendant, Westfield Insurance Company, certify that a copy of the foregoing document will be served on the following under Fed.R.Civ.P. 5(b):

Michael D. Dautrich, Esquire
Dautrich, O'Brien Law Offices, P.C.
534 Court Street
Reading, PA 19601
*Counsel for Plaintiffs*

/S/ Joseph F. McNulty, Jr., Esquire
_____
Joseph F. McNulty, Jr., Esq.
Matthew D. Vodzak, Esq.
Attorney for Defendant, Westfield Insurance Company

**Date: April 25, 2022**